United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| **STEPHANIE MANTOUVALOS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 14-10067-NMG |
| **DIANE MANTOUVALOS** and | ) | |
| **PAULA MANTOUVALOS,** | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves a long-running dispute between three sisters, Stephanie, Diane and Paula Mantouvalos, over the sale of inherited property in Greece located at Othos Orfeos 31, Holargos, Greece ("the property"). The Court ordered defendant Paula Mantouvalos to show cause why default judgment should not be entered against her. For the reasons that follow, Paula has failed to show such cause and, accordingly, judgment will be entered against her.

I.  **Factual and Procedural Background:**

The sisters inherited the disputed property when their father died in October, 2005. In June, 2006, the sisters signed a Settlement Agreement (which was filed in an earlier case in another session of this Court, "the Settlement Agreement") with respect to the property that states:

-1-

> The property located in Greece shall be sold as soon as possible and listed with a licensed broker.

In January, 2014, Stephanie Mantouvalos ("Stephanie" or "plaintiff"), whose domicile is Myrtle Beach, South Carolina, filed a complaint in this Court alleging breach of contract on the grounds that her sisters had breached the Settlement Agreement and their covenants of good faith and fair dealing by refusing to cooperate with the sale of the property. In November of that year, the property was valued at approximately $464,000.

Diane Mantouvalos ("Diane"), whose domicile is Miami, Florida, never responded to the complaint and in April, 2015 the Court entered a final default judgment against her. That judgment includes injunctive relief ordering Diane to, <u>inter alia</u>, cooperate with her sisters in the sale of the property and to pay one-third of the costs related to the sale of the property.

Paula Mantouvalos ("Paula"), whose domicile is somewhere in Massachusetts, answered the complaint in April, 2014 but since then she has failed to comply with two status report deadlines. In fact, Paula filed nothing in Court after responding to the complaint until her counsel moved to withdraw in May, 2016 based on a "severe breakdown in the attorney-client relationship" because they were unable to reach her.

The Court convened a status conference in June, 2016 at which Paula's counsel, Attorney Paul Marino, stated that he had attempted to locate Paula multiple times and had only been able to speak to her one week before the hearing.  Paula, who attended the conference by telephone, stated that she had recently moved and that there was a miscommunication between her and her attorneys.  The Court ordered Paula to show cause, within 30 days, why she should not be defaulted and ordered to effectuate the sale of the property.

In response to the show cause order, Paula filed what is entitled "motion for order to show cause."  That motion is opposed by plaintiff and is the subject of this memorandum and order.

## II. Order to Show Cause

### A. Legal Standard

A court "has the discretion to order a default judgment" if it has subject matter and personal jurisdiction, the complaint states a particular claim and the defendant has "fair notice of [her] opportunity to object." In re The Home Restaurants, Inc., 285 F.3d 111, 114 (1st Cir. 2002).  A default judgment is a "useful remedy" when "a litigant is confronted by an obstructionist adversary." AngioDynamics, Inc. v. Biolitec AG, 780 F.3d 429, 436 (1st Cir.) (quoting Crispin-Taveras v.

Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011)), cert. denied, 136 S. Ct. 535 (2015).  Default judgment is appropriate

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise.

AngioDynamics, Inc. v. Biolitec, Inc., 966 F. Supp. 2d 71, 73 (D. Mass. 2013) (quoting Fed. R. Civ. P. 55(a)).

### B. Application

In the present case, the prerequisites for default judgment are met.  The Court has subject matter jurisdiction over the breach of contract claim because there is diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  The Court also has personal jurisdiction over Paula, Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945), and the show cause order gave her notice of and an opportunity to object to an entry of default judgment. In re The Home Restaurants, Inc., 285 F.3d at 114.

Moreover, Paula has failed to "otherwise defend" in this case. Fed. R. Civ. P. 55(a).  She has unnecessarily prolonged the litigation by choosing not to inform her own counsel of her change in contact information.  As a result, her counsel was unable to reach her for an extended period of time.  She also failed to comply with two pleading deadlines.  Accordingly, default judgment is appropriate because Paula has obstructed the

timely disposition of this case. See AngioDynamics, Inc., 780 F.3d at 436.

Furthermore, although Paula did respond to this Court's order to show cause, her response is inadequate.  She asserts that judgment should not be entered against her because she has tried to cooperate with her sister in selling the property but does not have the financial resources to assist with the sale. She submits that she "removed herself from this matter feeling that the [p]laintiff had abused her cooperation."  Paula's refusal to comply with the Settlement Agreement because of a personal disagreement with her sister is not good cause.

In sum, because Paula has failed otherwise to defend or to show cause why she should not be defaulted, judgment will be entered against her.

## ORDER

In accordance with the foregoing,

1) defendant's motion for order to show cause (Docket No. 59) is **DENIED**,

2) **DEFAULT JUDGMENT** is entered against defendant Paula Mantouvalos and

3) Paula Mantouvalos is hereby ordered:

   a) to cooperate with Stephanie and Diane Mantouvalos to effectuate the sale of the property located at Othos Orfeos 31, Holargos, Greece,

    b) to perform all acts necessary to accomplish the sale of the property, including conveyance to Stephanie of full power of attorney and authority to prepare the property for sale and to sell the property on behalf of all parties to this lawsuit, and

    c) to cause to be deposited in this Court the net proceeds from the sale of the property after the deduction of incurred broker and legal fees.

This default judgment does not dispose of plaintiff's claims for damages, if any, against Paula Mantouvalos and/or Diane Mantouvalos.

If and when the sale of the property results in receipt of net proceeds, the Court will entertain a motion (or motions) proposing an equitable division of such proceeds. If Paula Mantouvalos fails to comply with this order, she may be held in contempt of Court.

**So ordered.**

                                        /s/ Nathaniel M. Gorton
                                        Nathaniel M. Gorton
                                        United States District Judge

Dated January 11, 2017