United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| Stephanie Mantouvalos, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. |
| | ) | 14-10067-NMG |
| Diane Mantouvalos and Paula Mantouvalos, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case involves an interminable dispute between three sisters, Stephanie, Diane and Paula Mantouvalos, over the sale of inherited property located at Othos Orfeos 31, Holargos, Greece ("the property").

On January 11, 2017, this Court entered default judgment against defendant Paula Mantouvalos ("Paula") and ordered her to convey to Stephanie Mantouvalos ("Stephanie" or "plaintiff") full power of attorney and authority to sell the property. Paula has not complied with that order and Stephanie has filed a motion to hold Paula in contempt of court and for enforcement of the default judgment.

For the reasons that follow, the Court will decline to hold Paula in contempt but will enforce its order and, pursuant to

Federal Rule of Civil Procedure 70(a), authorize Stephanie to sell the property.

## I.  Background and Procedural History

The sisters inherited the disputed property when their father died in October, 2005.  In June, 2006, the sisters signed a Settlement Agreement which was filed in an earlier case in another session of this Court.  The Settlement Agreement states:

> The property located in Greece shall be sold as soon as possible and listed with a licensed broker.

After nearly a decade of inaction, Stephanie, whose domicile is Myrtle Beach, South Carolina, filed a complaint in this Court in January, 2014, alleging breach of contract on the grounds that her sisters had breached the Settlement Agreement and their covenants of good faith and fair dealing by refusing to cooperate with respect to the sale of the property.  In November of that year, the property was valued at approximately $464,000.

Diane Mantouvalos ("Diane"), whose domicile is Miami, Florida, did not respond to the complaint and, in April, 2015, the Court entered a final default judgment against her.  That judgment includes injunctive relief ordering Diane, inter alia, to cooperate with her sisters in the sale of the property and to pay one-third of the costs related to the sale of the property.  Diane's cooperation has been sporadic and, according to

Stephanie, is currently not in compliance with this Court's 2015 order.

Paula, whose domicile is in Massachusetts, but whose address is unknown to her sisters, answered the complaint in April, 2014. Since that time she has failed to comply with any court-imposed deadlines. In fact, no pleadings had been filed on Paula's behalf after her answer to the complaint until her counsel moved to withdraw in May, 2016, based on a "severe breakdown in the attorney-client relationship", i.e. a failure to communicate.

The Court convened a status conference in June, 2016, at which Paula's counsel, Attorney Paul Marino ("Attorney Marino"), stated that he had attempted to locate Paula multiple times but had only been able to speak to her one week before the hearing. Paula, who attended the conference by telephone, stated that she had recently moved and that there was a miscommunication between her and her attorneys.

On June 15, 2016, this Court ordered Paula to show cause why the Court should not enter a default judgment against her. Her response to that order was inadequate and, on January 11, 2017, this Court entered default judgement against Paula. It ordered Paula to cooperate with Stephanie and Diane to effectuate the sale of the property and to perform all acts necessary to accomplish such a sale, including conveyance to

Stephanie of full power of attorney and authority to sell the property.

In January, 2019, Attorney Marino (and his partner Robert Launie) renewed their motions to withdraw, reiterating a breakdown in the attorney-client relationship and an inability to communicate with Paula.

In March, 2019, Stephanie filed the instant motion to hold Paula in contempt and for other relief as a result of Paula's failure to comply with this Court's January, 2017, order.

On October 22, 2019, this Court held a status conference at which Attorney Marino reported that he had sent a draft settlement agreement, signed by his client, Paula, to Stephanie and informed the Court that, upon completion of the tasks outlined in the settlement agreement, he anticipated that a stipulation of dismissal would be filed. The Court acknowledged Attorney Marino's report but informed the parties that it would enter an order in favor of the plaintiff, pursuant to Fed. R. Civ. P. 70(a) unless the matter was otherwise resolved on or before December 20, 2019.

## II.  Motion to Hold Defendant in Contempt

Although Paula's non-compliance with a court order would warrant a finding of civil contempt, it is unclear whether she received sufficient notice of the default judgment in this case.

A court may hold a party in civil contempt if the moving party establishes, by clear and convincing evidence, that the alleged contemnor violated a clear and unambiguous court order despite notice of the order and the ability to comply with it. See Hawkins v. Dep't of Health & Human Servs. for N.H., Comm'r, 665 F.3d 25, 31 (1st Cir. 2012). While Paula has not complied with this Court's order to convey power of attorney and authorize sale of the property, there is insufficient evidence to confirm that Paula had notice of the default judgment. Paula's attorneys submit they have been unable to contact her and Stephanie is in only occasional email contact with Paula. Because the alternative mechanism for enforcing a specific act under Fed. R. Civ. P. 70(a) is 1) suitable, 2) does not require such a showing of notice and 3) accomplishes the necessary resolution of this case, the Count will deny Stephanie's motion to hold Paula in contempt at this time.

### III. Enforcing Judgment for a Specific Act

If a party fails to comply with a judgment to perform a specific act, a court can order the act to be done pursuant to Fed. R. Civ. P. 70(a). Rule 70(a) states in relevant part:

> If a judgment requires a party to convey land...or to perform any other specific act and the party fails to comply within the time specified, the court may order the act to be done...by another person appointed by the court. When done, the act has the same effect as if done by the party.

On January 11, 2017, this Court entered a default judgment ordering Paula "to perform all acts necessary to accomplish the sale of the property" including conveying to Stephanie full power of attorney and authority to sell the property on her behalf. Paula has not complied with that order. Because of that default the Court will now exercise the authority conveyed to Stephanie. See Analytical Eng'g, Inc. v. Baldwin Filters, Inc., 425 F.3d 443, 451 (7th Cir. 2005) (noting under Rule 70 "a district court may direct a party to complete a specific act where the district court previously directed the same party to perform the same act in its final judgment and that party has failed to comply.").

**ORDER**

For the forgoing reasons,

1)   the motion to hold Paula in Contempt of Court (Docket Entry No. 93) is **DENIED without prejudice** and

2)   pursuant to Fed. R. Civ. P. 70(a), the Court grants to Stephanie Mantouvalos the power to perform all acts necessary to accomplish the sale of the property located at Othos Orfeos 31, Holargos, Greece, including the power to exercise full power of attorney for Paula Mantouvalos and Daine Mantouvalos, to prepare the property for sale and to sell the property on behalf of all parties to this lawsuit.

This order does not dispose of plaintiff's claims for damages, if any, against Paula Mantouvalos and/or Diane Mantouvalos.  If and when the sale of the property results in receipt of net proceeds, the Court will entertain a motion (or motions) proposing an equitable division thereof.


**So ordered.**


                                                /s/ Nathaniel M. Gorton
                                                Nathaniel M. Gorton
                                                United States District Judge

Dated December 31, 2019